## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**MANETIRONY CLERVRAIN**                                                                           **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:21-CV-394-GNS**

**ALISON LUNDERGAN GRIMES** *et al.*                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Manetironey Clervrain initiated this action by filing a document titled "Motion for Mitigating Financial Burden or ("IFP") Constitutional Issues by Massive Issues ['Right Aggravated'] Treatment Act" (DN 1).

The Court construes this filing to be, in part, a motion for leave to proceed *in forma pauperis*. Upon review, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (DN 1) is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court must conduct an initial review of this action pursuant to 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327.

In addition, Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In Plaintiff's 31-page motion, Plaintiff lists "Allison Lundergan Grimes *et al*." as Defendants and indicates that he is filing an appeal. Although it is not clear, it appears that Plaintiff may be appealing decisions entered by various U.S. district courts dismissing his cases. In the motion, Plaintiff references mass deportation, mass incarceration, apartheid, genocide, torture, cancer, crimes against humanity, kidnapping, the Administrative Procedure Act, the Declaratory Judgment Act, and various other cases he has filed in other U.S. district courts.

Upon review, the Court agrees with the analysis of another district court which recently addressed an action filed by Plaintiff as follows:

> In this case, the Court is completely unable to discern what facts or claims Plaintiff seeks to present in his complaint. While the complaint itself is typed and legible, the words often do not form coherent sentences, nor do they convey clear thoughts. Plaintiff has filed a number of similar suits in district courts throughout the country. *See e.g.*, *Clervrain v. Nejen*, No. 20-cv-134, 2020 U.S. Dist. LEXIS 78306 (N.D. Okla. May 1, 2020) ("motion for supplemental injustice adversely affected ['The Ants'] and for related matter for justification act ('TAJA')"); *Clervrain v. Wilson et al.*, No. 2:20-cv-2061, 2020 U.S. Dist. LEXIS 72228 (W.D. Ark. Apr. 24, 2020) (same); *Clervrain v. Revell*, No. 18-3166-SAC, 2018 U.S. Dist. LEXIS 182340, at * 1 (D. Kan. Oct. 24, 2018) ("Mr. Clervrain has filed more than thirty cases in various federal courts across the country.) As other courts have stated, Plaintiff's complaints "'contain a lot of legal labels but their few factual assertions are not sufficient to determine whether Clervrain has alleged a plausible claim for relief.'" *Clervrain v. Pompeo*, No. 4:20-cv-555-SRC, 2020 U.S. Dist. LEXIS 72948, at *3 (E.D. Mo. Apr. 24, 2020) (quoting *Clervrain v. Coraway*, No. 3:18-cv-819-G-BN, 2018 U.S. Dist. LEXIS 204942, at *3 (N.D. Tex. Nov. 9, 2018)).
>
> Because the court is unable to decipher Plaintiff's rigmarole, his complaint necessarily lacks an arguable basis either in law or fact. *See Neitzke*, 490 U.S. at 325. Moreover, Plaintiff's complaint presents a variety of rambling and incoherent claims in violation of the short and plain statement requirement of Fed. R. Civ. P. 8. Even giving the most liberal construction to Plaintiff's complaint, . . . the Court is unable to find that a cause of action has been alleged, much less that such cause lies against Defendant[s].

*Clervrain v. Sawyer*, No. 1:20-cv-348, 2020 U.S. Dist. LEXIS 109561, at *3-5 (W.D. Mich. June 23, 2020).

This Court too is unable to decipher Plaintiff's pleadings and will therefore dismiss this action by separate Order as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to comply with the notice-pleading requirements of Fed. R. Civ. 8(a).[1]

Date: August 2, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.011

---

[1] A review of this Court's records shows that Plaintiff filed two other actions on the same date. One of those actions, *Clervrain v. Grimes et al.*, No. 3:21-cv-393-CHB, was dismissed for the reasons set forth herein. The other action, *Clervrain v. Grimes et al*, No. 3:21-cv-400-BJB, remains pending.